# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**03 ̄ 11797 JLT**

```
************************************************
```
**DESIREE GOODWIN**                        )

          **Plaintiff,**                   )

          **vs.**                          )

**PRESIDENT AND FELLOWS OF**               )
**HARVARD COLLEGE,**                       )

          **Defendant**                    )
```
************************************************
```

MAGISTRATE JUDGE *Alexander*

C.A. NO.

RECEIPT #_____ *50390*
AMOUNT $ *150*
SUMMONS ISSUED___ *N/A*
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. *F. O. M*
DATE *9/17/03*

## NOTICE OF REMOVAL

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT
      OF MASSACHUSETTS, EASTERN SECTION

          Pursuant to 28 U.S.C. Sections 1441 and 1446, and Local Rule 81.1, Defendant President

and Fellows of Harvard College ("Harvard University") hereby removes the above-entitled action

from the Superior Court Department of the Trial Court of Massachusetts for Middlesex County

to the United States District Court for the District of Massachusetts.  In support of this removal,

Harvard University states as follows:

          1.      Desiree Goodwin has brought a civil action against Harvard University in the

          Superior Court Department of the Trial Court of Massachusetts for Middlesex County,

          which action is docketed as Civil Action No. 03-3561 ("the state court action").

          2.      The Complaint and Jury Demand (the "Complaint") in the state court action was

          filed with the Civil Clerk for the Superior Court of the Trial Court of Massachusetts for

          Middlesex County on or about August 26, 2003, and served upon Harvard University on

          or about September 8, , 2003.  A copy of the Complaint and the Summons are filed

herewith as Exhibit "A." Because this notice was filed within 30 days after receipt of service of the Complaint, removal is timely pursuant to 28 U.S.C. Section 1446(b).

3.      Count II of the Complaint alleges "discrimination against the plaintiff on the basis of sex and race in violation of 42 USC 2000-e5."

4.      This Court has original jurisdiction over Count II of the Complaint pursuant to 28 U.S.C. Section 1331 and the entire case may be removed pursuant to 28 U.S.C Section 1441(c). The state court action may be removed to this Court by Harvard University because Count II of the Complaint alleges claims arising out of the laws of the United States.

5.      Harvard University has not yet filed or served an answer.

6.      A copy of this Notice of Removal will be promptly filed with the clerk of the Superior Court for Middlesex County and has been served upon Plaintiff's counsel.

7.      Pursuant to Local Rule 81.1 of the United States District Court for the District of Massachusetts, Harvard University shall file certified or attested copies of all docket entries with this Court.

**WHEREFORE,** Defendant Harvard University respectfully requests that the state court action now pending against it in the Superior Court Department of the Trial Court in and for the County of Middlesex, Commonwealth of Massachusetts, be removed to this Court.

**Respectfully submitted,**
**PRESIDENT AND FELLOWS OF**
**HARVARD COLLEGE,**
**By their attorneys,**

**Richard J. Riley, BBO# 420610**
**John P. Coakley, BBO#558685**
**Murphy & Riley, P.C.**
**141 Tremont Street**
**Boston, MA 02110**
**(617) 423-3700**

## CERTIFICATE OF SERVICE

I, John P. Coakley, hereby certify that I have this day served a copy of the foregoing Notice of Removal of State Court Pleadings by mailing a copy of same, postage prepaid to:

Richard D. Clarey
101 Tremont Street
Suite 800
Boston, MA 02108

John P. Coakley
Murphy & Riley, P.C.
141 Tremont Street
Boston, MA 02111
(617) 423-3700

**DATED:**      September 17, 2003



*(handwritten: rec'd 9.8.03 order M mend as In hand)*

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:**
**TORT — MOTOR VEHICLE TORT — CONTRACT —**
**EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT.
OF THE
TRIAL COURT
CIVIL ACTION
No.

.......... MIDDLESEX .......... , ss
[seal]

**03-3561**

*Robert Goodwin* , Plaintiff(s)

v.

*President + Fellows of Harvard College* , Defendant(s)

*(stamp: A TRUE COPY ATTEST DEPUTY SHERIFF Middlesex County)*
*(handwritten: 9-2-03 DATE OF SERVICE 9-8-03)*

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon *Richard D. Clarey*

................................ plaintiff's attorney, whose address is *101 Tremont St*
*Suite 6C Boston MA 02108* ................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...................................

............... *Cambridge* ............... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ............... *Cambridge* ...............

the ............... *27* ............... day of ....... *August* ...............

..................., in the year of our Lord ............... *2003* ............... .

*Edward J Sullivan*
**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, S.S.                                    SUPERIOR COURT
                                                   NO. CA 03 - 356 /

```
                              )
DESIREE GOODWIN              )
       Plaintiff             )
                              )
vs.                          )
                              )
PRESIDENT AND FELLOWS        )
OF HARVARD COLLEGE           )
       Defendant             )
                              )
```

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.    This is a complaint for damages arising from violations of Plaintiff's civil

      right not to be discriminated against in her employment on the grounds of race

      and sex pursuant to G. L. Chapter 151B, Section 4, and 42 USC 2000-e5 and

      common law claims for breaches of express and implied contract.

### PARTIES

2.    The Plaintiff resides at 9 Colonial Village Drive, #1, Arlington, MA 02474

      and is employed as a reference assistant and circulation supervisor at the

      Francis Loeb Library, Harvard University Graduate School of Design.

3.    Defendant is a corporation with its principal office at 1 Massachusetts

      Hall, Massachusetts Avenue, Cambridge, MA 02138 and is responsible for the

      actions of its agents under G. L. Chapter 151B, Section 4, USC 2000-e5, and the

      common law.

## FACTUAL ALLEGATIONS

4.      The Plaintiff is an African American woman, a graduate of Cornell

University, now in her ninth year of employment as a non professional reference

assistant librarian with the Defendant.  Prior to coming to Harvard she had seven

years experience in four different library positions and earned a master's degree in

English.  She has constantly improved her skills, initiated improvements such as

research guides on the library's web page, has excellent evaluations and has

attained her second master's degree, in library science, with honors, in 1999.  She

has been commended for her reference skills and professionalism and tact in

handling patron inquiries especially billing disputes.

5.      When she was hired, Defendant represented to Plaintiff orally and through

its personnel policies and guidelines that her job provided an opportunity for

professional development and advancement, and that all employees were treated

fairly and equitably and judged and promoted on merit and ability.  An example

of such a representation is attached and marked "A".  This policy statement

appears in every issue of the Harvard Gazette, an official publication of

Defendant.  These representations are part of Plaintiff's contract.

6.      Upon information and belief, Defendant has the largest library system in

the world consisting of almost 100 libraries throughout the University employing

about 1000 professional librarians, less than ten of them black; only two in public

services, both at the business school.

2

7.	This dismal record belies Defendant's frequent statements of its commitment "to recruit a diverse workforce". See memorandum from the Harvard College Library's Director of Human Resources attached and marked "B". Plaintiff has applied for advancement at the university for thirteen positions but has granted only two interviews, one phone interview, and never been promoted during her entire career at Harvard. She has never been given any criteria for promotion. Plaintiff is the only employee now working at the reference desk with significant years of reference experience who is not a professional librarian.

8.	During this time several less qualified, less experienced white male and/or white female applicants have been interviewed and promoted or have attained positions at Harvard that Plaintiff has sought. In the fall of 2001, when Plaintiff had been employed eight years, it was proposed that Plaintiff accept half time employment in the form of demotion to work in the serials bindery twenty hours per week rather than in public services, even though two other employees with less experience including a white male with two years experience were obvious candidates for the demotion.

9.	Also during this period, Defendant denied Plaintiff the opportunity to participate in committees, and to attend conferences. Although Plaintiff is involved in developing much of the content of the library's web page including writing 38 (of 100) bibliographies, 8 (of 16) research guides, proposing posting bibliographies, creating new topics for research guides, creating and designing web sites for the for special collections and conservation departments of the

3

library, and is assigned to update and edit the library's web site, when she applied

to participate in the web development committee, she was refused without

explanation.

10.     On or about December 5, 2001 Plaintiff's supervisor, Barbara Mitchell,

told her that she would never be promoted at Harvard and that she should look

elsewhere for employment. The reasons Ms. Mitchell gave were that Plaintiff had

applied for too many positions, which had become a joke among her former

colleagues at Widener, and that they saw Plaintiff as a "pretty girl" who wore

"sexy outfits" and they had "heard things through the grape vine" about Plaintiff.

She referred to plaintiff's "low cut blouses" and "tight clothing," even though

plaintiff does not dress differently from young white women who work at the

library, and there is no dress code at the library. Ms. Mitchell gave the name of a

specific individual, the head of Instructional Services at Widener, Harvard's

principal library, who had never met Plaintiff but said she would never hire

Plaintiff and filled two positions Plaintiff applied for at Widener with

significantly less qualified and experienced candidates. Ms. Mitchell stated

further that Plaintiff should have no problem getting a job elsewhere because the

first thing employers look for is a qualified black person.

## ADMINISTRATIVE PROCEDURES

11.     On January 23, 2002, Plaintiff attempted to file a complaint with the

EEOC in Boston. An investigator, Jeanette Jimenez, refused to allow her to file,

telling her she should first pursue her internal remedies at Harvard. Plaintiff did

attempt to get relief through Harvard's affirmative action office and human

4

resources department but was told in April 2002 that nothing could be done even though her case was so "outrageous" that the Affirmative Action office had consulted Harvard's General Counsel and had sent Plaintiff's superiors to diversity training. Plaintiff returned to the EEOC on April 2, 2002, but Ms. Jimenez again declined to allow her to file a complaint stating that she should pursue her pending application at Harvard's Hilles' Library. Plaintiff made follow up calls and emails but could get no interview. On September 4 Ms. Jimenez promised to draft a complaint, but she did not do so until late October. Ms. Jimenez finally allowed Plaintiff to file a dual complaint dated October 25, 2002 with the EEOC and MCAD. Defendant declined mediation.

12.     The EEOC dismissed her complaint on June 14, 2003, without contacting Plaintiff or holding a hearing, partly on the grounds that she did not file her complaint until October 25, 2002, making no reference to her earlier attempts to file. MCAD similarly dismissed without hearing her Complaint on June 24, 2003 citing the EEOC dismissal. Plaintiff has since learned that the dismissal was based on ex parte communications between Ms. Jimenez and Harvard's Assistant General Counsel.

COUNT 1

DISCRIMINATION (G. L. CH. 151B § 4)

13.     Plaintiff incorporates ¶¶ 1 through 12 of this Complaint.

14.     This conduct constitutes unlawful discrimination against Plaintiff on the basis of sex and race in violation of G. L. Chapter 151B § 4.

15.     As a proximate result Plaintiff has and continues to suffer loss of earnings, job experience, retirement benefits and other employee benefits that she would have accrued absent discrimination.

16.     Plaintiff has also incurred additional costs and expenses.

17.     As a further result Plaintiff has suffered humiliation, mental pain and anguish, all to her damage.

18.     The above mentioned acts were willful, wanton, malicious and oppressive and justify the award of exemplary damages.

## COUNT II

## DISCRIMINATION (42 USC 2000-e5)

19.     Plaintiff incorporates ¶¶ 1 through 18 of this Complaint.

20.     This conduct constitutes unlawful discrimination against Plaintiff on the basis of sex and race in violation of  42 USC 2000-e5.

21.     As a proximate result Plaintiff has and continues to suffer loss of earnings, job experience, retirement benefits and other employee benefits that she would have accrued absent discrimination.

22.     Plaintiff has also incurred additional costs and expenses.

23.     As a further result Plaintiff has suffered humiliation, mental pain and anguish, all to her damage.

## COUNT III

## BREACH OF CONTRACT

24.     Plaintiff incorporates ¶¶ 1 through 23 of this Complaint.

25.     Plaintiff performed in accordance with her contract.

26.      Defendant breached the contract as set forth above.

27.      As a result Plaintiff has suffered damages.


## COUNT IV

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

28.      Plaintiff incorporates paragraphs one through 27 above.

29.      The above described agreement implies in law a covenant of good faith
and fair dealing by which the Defendant promised not to impede Plaintiff from
performing under the contract.

30.      Defendant has breached the said implied covenant by refusing to judge
Plaintiff on her ability and merit, refusing to grant her equal opportunity to
advancement and violating its procedures on employment and transfer as a qualified
candidate for positions in the university.

31.      As a proximate result of Defendant's breach Plaintiff has suffered and
continues to suffer damage.

WHEREFORE, Plaintiff requests:

A. Back pay, reimbursement for lost pension, social security and other benefits and
offer of promotion;

B. Compensatory damages;

C. Exemplary damages;

D. Her costs, attorney's fees and such other and further relief as the court deems just
and equitable.


7

Plaintiff demands a trial by jury on all issues triable by jury.

By her attorney:

Richard D. Clarey
BBO No 084780
101 Tremont Street
Suite 800
Boston, MA  02108
(617) 728-0660

## VERIFICATION

I, Desiree Goodwin, say that I am the Plaintiff herein, that I have read the foregoing Complaint, and that the same is true to the best of my knowledge and belief.

Signed under the pains and penalties of perjury this _26_ day of August, 2003.

Desiree Goodwin

# Opportunities

## Job listings posted as of May 29, 2003

Harvard is not a single place, but a large and varied community. It is comprised of many different schools, departments and offices, each with its own mission, character and environment. Harvard is also an employer of varied locations. University employees work not just in Harvard Square, Cambridge, but in Boston's Longwood Medical Area, and at the Harvard Business School, also in Boston.

Welcome to this week's listing of newly posted positions at Harvard University!

**How to Apply:**
To apply for an advertised position and/or for more information on these and other listings, please visit our Web site at www.atwork.harvard.edu/employment to upload your resume and cover letter or send your resume and cover letter (including requisition number) to:

**Harvard University Employment Services**
**Resume Processing Center**
**Req. # GAZ**
**11 Holyoke Street**
**Cambridge, MA 02138**

**Explanation of Job Grades:**
Most positions at Harvard are assigned to a job grade (listed below with each posting) based on a number of factors including the position's duties and responsibilities as well as required skills and knowledge.

The salary ranges for each job grade are stated in the chart on the right. Target hiring rates will fall within these ranges. These salary ranges are for full-time positions and are adjusted for part-time positions. Services & Trades positions are not assigned grade levels. The relevant union contract determines salary levels for these positions.

**Other Opportunities:**
All non faculty job openings currently available at the University are listed on the Web at http://www.atwork.harvard.edu/employment, and at Employment Services located at 11 Holyoke St., Cambridge, MA 02138. The office is open Mon.-Fri., 9 a.m.-5 p.m. and walk-ins are welcome. There are also job postings available for viewing in the Longwood Medical area, 220 Longwood Way, Goldenson Building. For more information, please call 432-1879.

In addition, Spherion Services, Inc., provides temporary secretarial and clerical staffing services to the University. If you are interested in temporary work at Harvard (full- or part-time), call Spherion, at (617) 495-1500 or (617) 4326200

To help ensure the effectiveness and diversity of its employees, Harvard is strongly committed to its policy of equal opportunity and affirmative action. Employment and advancement are based on merit and ability without regard to race, color, creed, sex, sexual orientation, disability, national origin or status as a disabled or Vietnam-era veteran.

| Grade | Minimum | Maximum |
|---|---|---|
| 047 | $20,520 | $29,736 |
| 048 | 22,810 | 31,944 |
| 049 | 23,408 | 33,408 |
| 050 | 24,029 | 34,244 |
| 051 | 25,656 | 35,880 |
| 052 | 27,792 | 42,216 |
| 053 | 30,168 | 46,226 |
| 054 | 32,712 | 50,568 |
| 055 | 35,496 | 55,392 |
| 056 | 39,636 | 106,072 |
| 057 | 45,768 | 77,376 |
| 058 | 51,576 | 88,296 |
| 059 | 58,128 | 102,816 |
| 060 | 68,424 | 124,580 |
| 061 | 80,712 | 150,936 |
| 062 | 95,256 | 182,856 |
| 063 | 116,904 | 230,760 |
| 064 | 146,112 | 288,648 |

(Longwood Area)

**Additional Career Support for Harvard Staff:**
A Web page on career issues, including links to career assessment, exploration, resources, and job listings, is available for staff at www.atwork.harvard.edu/ctd/career.html

**IT Referral Program**
Current Harvard staff or faculty members who refer a candidate to one of the Information Technology positions marked with "$$$" are eligible for a cash reward—up to $2,000—if the candidate they referred is hired. (Harvard University students, casual or temporary employees, Human Resources staff and career placement staff are not eligible to participate, nor are supervisory staff and faculty when hiring into their own unit.)

www.atwork.harvard.edu/news/index.html, the form must be filled out entirely and submitted along with the resume or application of the candidate being referred to your local HR office.

For further information about the IT Referral Program, including forms, bonus amounts and other details about how to refer a candidate for an IT position in Harvard, contact your local Human Resources office or visit www.atwork.harvard.edu/news/index.html

**Harvard Employment Services provides free Job-hunting Information sessions for the general public at the Harvard Information Center every Wednesday from 5:30-6:30 a.m. at 1350 Massachusetts Ave.**

Please Note:
The letters "SIC" at the end of a job listing indicate that there is a strong internal candidate (a current Harvard staff member) in consideration for this position.

## Academic

**Research Associate Req. 16661,** Gr. 090
Harvard School of Public Health/Biostatistics
FT, SIC, (5/15/2003)

**Principal Research Scientist Req. 16674,** Gr. 090
Harvard School of Public Health/CBAR
FT, SIC, (5/15/2003)

**Research Associate Req. 16682,** Gr. 090
Harvard School of Public Health/Cancer Cell Biology

## Communications

Alumni Affairs and Development/Harvard College Fund

**Director of Individual Giving Req. 16808,** Gr. 060
Harvard School of Public Health/Office for Resource Development
FT (5/29/2003)

**Communications Officer Req. 16818,** Gr. 055
JFK School of Government/BCSIA

Alumni Affairs and Development/Harvard College Fund

## Finance

**Accounting Assistant (V) Req. 16740,** Gr. 053
Faculty of Arts and Sciences/Molecular and Cellular Biology
Union: HUCTW, FT, SIC, (5/22/2003)

**Financial Analyst Req. 16884,** Gr. 057
Financial Administration/Financial Reporting
FT (5/15/2003)

Union: HUCTW, FT (5/29/2003)

**Staff Assistant Req. 16864,** Gr. 053
Alumni Affairs and Development/Harvard College Fund
Union: HUCTW, FT (5/15/2003)

**Staff Assistant Req. 16797,** Gr. 053
Alumni Affairs and Development/Harvard College Fund
Union: HUCTW, FT (5/29/2003)

**Staff Assistant Req. 16798,** Gr. 053
Alumni Affairs and Development/Harvard College Fund
Union: HUCTW, FT (5/29/2003)

**Subject: Initiative to Recruit a Diverse Workforce**
    **Date:** Tue, 07 Mar 2000 15:08:51 -0500
    **From:** Shari Anderson <shari_anderson@harvard.edu>
       **To:** hulinfo@sylvia.harvard.edu

MEMORANDUM TO: HUL Colleagues

FROM: Shari L. Anderson, SPHR>
Director of Human Resource Services - HCL>

RE: ARL Initiative to Recruit a Diverse Workforce

I write to invite your support and assistance in making an important
educational opportunity known to your colleagues and other interested
individuals. HCL, as a member of the Association of Research Libraries,
is a partner with ARL in an initiative to recruit a diverse workforce.
This initiative strives to make academic and research libraries more
competitive in the recruitment of racially and ethnically diverse
professionals. This Initiative offers stipends of up to $5000 to attract
and expose new library professionals from underrepresented groups to
careers in academic and research libraries. ARL Initiative stipends can
be coupled with any other financial aid package or scholarship in order
to provide extra incentive for completing library school and taking
advantage of the opportunity to work in an ARL library upon graduation.

Qualified applicants must: (1) be a member of a racial/ethnic minority
group; (2) remain enrolled in at least 6 graduate credit hours per term through completion of the MLS or equivalent degree from
an ALA accredited
program; and (3) commit to working in an ARL library for a minimum of two years upon completion of their MLS program.

Applications are available in the HCL Human Resource Services office, Widener Library, Room 189. In addition, more detailed
information regarding this Initiative is available at the ARL web site
http://www.arl.org/diversity/init/

Please share this information with nonlibrarian staff and other potential applicants.

Thank you very much.

Shari L. Anderson, SPHR
Director of Human Resource Programs and Services
Harvard College Library
Harvard University
Cambridge, MA 02138
Phone: 617-495-3721
Fax: 617-496-8672
E-mail: shari_anderson@harvard.edu

"B"